FILED
U.S. DISTRICT COURT
DIV.
2009 AUG -6 AM 11:54
CLERK M.A. Hill
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. CV408-244 |
| SARAH A. KORFF, | ) ) ) | |
| Defendant. | ) ) | |

## O R D E R

Before the Court is the United States's Application for Default Judgment. (Doc. 8.) Therein, the Government asks for the entry of judgment in the amount of $11,950.53, the amount of a defaulted student loan and prejudgment interest. (Id.) Defendant Korff has not responded.

This case arose from a default on a student loan with remaining principle in the amount of $7359.61. (Doc. 1 at 1.) The Government filed this case on December 10, 2008 to recover the loan. Defendant Korff was served with the Complaint on January 8, 2009. Defendant Korff failed to respond to the Complaint and, on February 20, 2009, the Government filed a Motion for Entry of Default. (Doc. 6.) The Clerk of Court entered the default on the same day. (Doc. 7.) Subsequently, the Government moved for default judgment in the amount of $11,950.53—the principle of the

loan ($7,359.61) and interest accrued at the prejudgment interest rate of 7.00% ($4,590.92).

There is no right to judgment by default; the matter lies within this Court's discretion.[1] Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Further, default judgment can only be entered if the record adequately reflects the basis for the award. Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985). Here, the record is sufficient to support an award of damages. Specifically, the record contains a Certificate of Indebtedness signed and sworn to under penalty of perjury by United States Loan Analyst Deloris Gorham establishing the amount of damages in this case to be $11,950.53—the principle of the loan ($7,359.61) and interest accrued at the prejudgment interest rate of 7.00% ($4,590.92).[2] (Doc. 1 at 3.) The record also contains proof that Defendant Korff is not protected by the

---

[1] If necessary, the Court may hold a hearing on the matter of default judgment. Fed. R. Civ. P. 55(b)(2). After careful consideration, the Court finds no need to hold a hearing in this case.

[2] The 7.00% interest rate used in this case is the original interest rate on the student loan. (Doc. 1 at 3.) After careful consideration, the Court finds this interest rate to be a reasonable and fair prejudgment interest rate. See Werner Enter., Inc. v. Westwind Mar. Int'l, Inc., 554 F.3d 1319, 1328 (11th Cir. 2009) (holding that the rate of prejudgment interest is within the discretion of the district court and that reasonableness and fairness should guide the district court's decision).

Servicemembers Civil Relief Act of 2003. (Doc. 8.) Accordingly, the Court finds that it is appropriate to enter default judgment in this case.

After careful consideration and based on the above, Plaintiff's Motion for Default Judgment is **GRANTED**. The **Clerk of Court** is **DIRECTED** to **enter judgment** in the amount of **$11,950.53**—the principle of the loan ($7,359.61) and interest accrued at the prejudgment interest rate of 7.00% ($4,590.92). The **Clerk of Court** is further **DIRECTED** to **close this case.**

SO ORDERED this 6th day of August, 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA